UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GWYNNE E. JUDGE** | : | **CIVIL ACTION NO. 2:13-cv-754** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint by plaintiff, Gwynne E. Judge.  Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

Plaintiff asserts four grounds for relief.  (1) He should have already been released from prison because he has earned enough statutory good time credits.  (2) He performed a "meritorious action" during a medical trip, and that this action should have entitled him to additional good time credits and a monetary award.  (3) A staff member at FCIO assaulted petitioner.  (4) He is being denied access to the courts and is being illegally held in the special housing unit ("SHU").

The Clerk of Court double-docketed plaintiff's case at the time of filing because the petition appeared to be a cross between a writ application and civil rights complaint.  The instant case was deemed the civil rights suit, and the companion case, docketed as Civil Action No. 2:13-cv-753, was deemed the habeas application.

An application for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, however, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.  *Cook v. Texas Dep't of Criminal Justice*

*Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir.1994). The proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release[.]" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam).

The Clerk's decision to double-docket is apt; petitioner should have filed two separate suits. The first and second claims for relief seek a writ of habeas corpus. The third and fourth claims for relief allege violations of civil rights.

Accordingly, IT IS RECOMMENDED that the first and second claims for relief be DISMISSED WITHOUT PREJUDICE to petitioner's right to pursue these claims for relief in the companion case, 2:13-cv-753.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE