UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GWYNNE E. JUDGE**  **CIVIL ACTION NO. 2:13-CV-754**
    **FED. REG. NO. 81791-022**  **SECTION P**

**VERSUS**  **JUDGE MINALDI**

**WARDEN FCI OAKDALE**  **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed by p*ro se* plaintiff Gwynne E. Judge. At the time of filing, plaintiff was incarcerated at the Federal Correctional Institute, Oakdale, Louisiana (FCIO).

On February 12, 2014, this court issued a memorandum order [doc. 11] directing plaintiff to amend his complaint. On February 21, 2014, the court received documentation [doc. 12] returning the memorandum order sent to plaintiff. The return had the notation "return to sender/refused/unable to forward." The document was mailed to plaintiff at the last address supplied.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order... ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Further, Local Rule (LR) 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to promptly notify the curt in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." In this matter, more than thirty days has elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE